problem that Hill relies upon employee handbook cases that were overruled by *Johnson v. McDonnell Douglas Corp.*, 745 S.W.2d 661 (Mo. banc 1988), after careful review of the summary judgment record we agree with the district court that Hill has no credible evidence that KCATA failed to comply with either the employee handbook or the collective bargaining agreement.

The judgment of the district court is affirmed. Appellant's motion for leave to file a supplemental appendix is granted. Appellee's motion to strike appellant's brief is denied.

■

**Bruce KILGORE, Appellant,**

v.

**Michael BOWERSOX, Appellee.**

No. 99–2532.

United States Court of Appeals, Eighth Circuit.

Submitted: June 11, 1999.

Filed: June 15, 1999.

BEFORE: WOLLMAN, Chief Judge, RICHARD S. ARNOLD and HANSEN, Circuit Judges.

PER CURIAM.

The motion for stay of execution is denied. The application for a certificate of appealability is denied.

It is so ordered.

**Bruce KILGORE, Petitioner,**

v.

**Michael BOWERSOX, Respondent.**

No. 99–2556.

United States Court of Appeals, Eighth Circuit.

Submitted: June 15, 1999.

Filed: June 15, 1999.

BEFORE: WOLLMAN, Chief Judge, and RICHARD S. ARNOLD and HANSEN, Circuit Judges.

PER CURIAM.

This is an application for leave to file a successive petition for writ of habeas corpus. The application is denied.

Petitioner must meet the standards of the Anti–Terrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(b). AEDPA applies to this application. It is not relevant that petitioner's first habeas petition, see *Kilgore v. Bowersox*, 124 F.3d 985 (8th Cir.1997), *cert. denied*, —— U.S. ——, 118 S.Ct. 2352, 141 L.Ed.2d 722 (1998), was initially filed in the District Court before the enactment of AEDPA. The relevant date is the date of the filing of this application, which of course is after the enactment of AEDPA. Nor are the new statute's restrictions on